1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8                         ----oo0oo----

9

10  JAMES V. BUNCE,                    NO. CIV. 2:13-00976 WBS EFB

11           Plaintiff,
                                       MEMORANDUM AND ORDER RE:
12       v.                            MOTION TO DISMISS

13  OCWEN LOAN SERVICING, LLC; and
    DOES 1-10 inclusive,
14
             Defendants.
15  _____/

16

17                         ----oo0oo----

18           Plaintiff James V. Bunce brought this action against

19  Ocwen Loan Servicing, LLC, and Does one through ten in connection

20  with the attempted modification of his home loan.  Defendant now

21  moves to dismiss the Complaint in its entirety for failure to

22  state a claim upon which relief can be granted pursuant to

23  Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 6.)

24  I.   Relevant Facts and Procedural Background

25           Plaintiff resides at 1029 Enwood Road, Roseville,

26  California (the "Subject Property").  (Notice of Removal

27  ("Compl.") ¶ 1 (Docket No. 1).)  On June 23, 2006, plaintiff

28  executed a deed of trust ("Deed of Trust") involving the Subject

                                 1

Property as security for a loan of $325,000 ("Subject Loan") from American Brokers Conduit ("ABC").  (Id. ¶ 9.)  Mortgage Electronic Registration Service, Inc. ("MERS") was named as a nominee for ABC and was designated as the beneficiary under the Deed of Trust.  (Id. Ex. A.)  Plaintiff alleges that defendant "took over the subject loan" in a manner unknown to plaintiff. (Id. ¶ 10.)

In or about 2010, plaintiff's income was reduced and he contacted defendant for assistance with the Subject Loan.  (Id. ¶ 11.)  Plaintiff was allegedly told to submit loan modification applications on several occasions.  (Id.)  Defendant allegedly accepted the applications, but denied plaintiff a loan modification without explanation.  (Id. ¶¶ 11-14, 16.)  Defendant allegedly requested the same documents on multiple occasions and defendant complied, but defendant allegedly rejected plaintiff's applications for a loan modification without a review on the merits.  (Id. ¶ 12.)  Defendant also allegedly failed to discuss potential options to defer, forbear, or modify the loan payments. (Id. ¶ 11.)  While plaintiff alleges that defendant "began foreclosure proceedings" and recorded a notice of default, (id. ¶ 15), its opposition brief admits that a notice of default has not been recorded, (Pl.'s Opp'n at 3:14-15 (Docket No. 13)).

Plaintiff first filed suit in state court, but the action was removed to federal court on May 16, 2013.  (Docket No. 1.)  Plaintiff brings claims for: (1) violation of California Civil Code section 2923.5, (Compl. ¶¶ 19-24); (2) breach of the implied covenant of good faith and fair dealing, (id. ¶¶ 25-35); (3) "lack of standing," or declaratory relief (id. ¶¶ 36-48); (4)

1   negligence, (id. ¶¶ 49-59); and (5) violation of California

2   Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et

3   seq., (id. ¶¶ 60-66).

4   II.  Discussion

5         To survive a motion to dismiss, a plaintiff must plead

6   "only enough facts to state a claim to relief that is plausible

7   on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

8   (2007).  This "plausibility standard," however, "asks for more

9   than a sheer possibility that a defendant has acted unlawfully,"

10  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a

11  complaint pleads facts that are 'merely consistent with' a

12  defendant's liability, it 'stops short of the line between

13  possibility and plausibility of entitlement to relief.'"  Id.

14  (quoting Twombly, 550 U.S. at 557).  In deciding whether a

15  plaintiff has stated a claim, the court must accept the

16  allegations in the complaint as true and draw all reasonable

17  inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

18  U.S. 232, 236 (1974), overruled on other grounds by Davis v.

19  Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

20  (1972).

21      A.  California Civil Code section 2923.5

22        Section 2923.5 requires the mortgage servicer,

23  mortgagee, beneficiary, or authorized agent to "contact the

24  borrower in person or by telephone to assess the borrower's

25  financial situation and explore options for the borrower to avoid

26  foreclosure" at least thirty days before filing a notice of

27  default.  Cal. Civ. Code § 2923.5(b).  Section 2923.5 does not

28  create an affirmative obligation on a lender to offer a loan

3

1  modification.  <u>Clerk v. Telesis Cmty. Credit Union</u>, EDCV 12-

2  01152-CJC(DTBx), 2013 WL 3071250, at *4 (C.D. Cal. June 18,

3  2013).

4          The court cannot find, nor does plaintiff cite, a case

5  in which the court found a violation of section 2923.5 when a

6  notice of default was not filed and the mortgage foreclosure

7  process had not been initiated.  Because plaintiff concedes that

8  no notice of default has been filed, plaintiff's claim under

9  section 2923.5 is not ripe.  <u>See</u> <u>Wienke v. Indymac Bank FSB</u>, No.

10  CV 10-4082, 2011 WL 2565370, at *5 (N.D. Cal. June 29, 2011)

11  (Vadas, Magistrate J.) ("[T]he FAC does not allege that a

12  foreclosure sale is even pending, so the request for injunctive

13  relief [under section 2923.5] is not ripe."); <u>cf.</u> <u>Texas v. United</u>

14  <u>States</u>, 523 U.S. 296, 300 (1998) ("A claim is not ripe for

15  adjudication if it rests upon contingent future events that may

16  not occur as anticipated, or indeed may not occur at all."

17  (internal quotation marks and citations omitted)).  Furthermore,

18  plaintiff's allegations indicate that he has engaged in the loan

19  modification process.  Here, as in <u>Clerk v. Telesis Community</u>

20  <u>Credit Union</u>, "[p]laintiffs admit that they engaged in loan

21  modification discussions . . . ; [p]laintiffs were simply unhappy

22  with the results of those discussions." <u>Clerk</u>, 2013 WL 3071250,

23  at *4.

24          Plaintiff's first claim for violation of section 2923.5

25  must accordingly be dismissed.

26      B.   <u>Breach of the Implied Covenant of Good Faith and Fair</u>

27           <u>Dealing</u>

28          "'There is an implied covenant of good faith and fair

dealing in every contract that neither party will do anything
which will injure the right of the other to receive the benefits
of the agreement.'" <u>Dooms v. Fed. Home Loan Mortg. Corp.</u>, No. CV
F 11-0352 LJO DLB, 2011 WL 1232989, at *9 (E.D. Cal. Mar. 31,
2011) (quoting <u>Kransco v. Am. Empire Surplus Lines Ins. Co.</u>, 23
Cal. 4th 390, 400 (2000)).  "[I]t is . . . well settled '[t]he
prerequisite for any action for breach of the implied covenant of
good faith and fair dealing is the existence of a contractual
relationship between the parties, since the covenant is an
implied term in the contract." <u>Jenkins v. JP Morgan Chase Bank,</u>
<u>N.A.</u>, 216 Cal. App. 4th 497, 525 (4th Dist. 2013) (second
alteration in original) (citing <u>Smith v. City & County of San</u>
<u>Francisco</u>, 225 Cal. App. 3d 38, 49 (1st Dist. 1990)).

        "Without a contractual underpinning, there is no
independent claim for breach of the implied covenant." <u>Id.</u>
(citing <u>Fireman's Fund Ins. Co. v. Maryland Cas. Co.</u>, 21 Cal.
App. 4th 1586, 1599 (4th Dist. 1994)).  "Consequently, an action
alleging a breach of the implied covenant cannot be used by a
plaintiff to try to extend existing, or to create new,
obligations that were not contemplated by the parties when the
contract was executed." <u>Id.</u> at 528 (citing <u>Carma Developers</u>
<u>(Cal.), Inc. v. Marathon Dev. Cal., Inc.</u>, 2 Cal. 4th 342, 373
(1992)); <u>see</u> <u>Dooms</u>, 2011 WL 1232989, at *9 ("The implied covenant
of good faith and fair dealing is limited to assuring compliance
with the express terms of the contract, and cannot be extended to
create obligations not contemplated by the contract." (internal
quotation marks and citation omitted)).

        In support of his claim, plaintiff points to a single

1  sentence in the Deed of Trust, under the section titled "Transfer
2  of Rights in the Property." (<u>See</u> Compl. ¶ 27, Ex. A.)  The
3  sentence states: "This Security Instrument secures to Lender: (i)
4  the repayment of the Loan, and all renewals, extensions and
5  modifications of the Note; and (ii) the performance of Borrower's
6  covenants and agreements under this Security Instrument and The
7  Note." (<u>Id.</u> Ex. A.)  Rather than creating a contractual right to
8  loan modification, this sentence provides that <u>if</u> plaintiff
9  received a loan modification, the right to receive payment from
10  the modification would belong to the lender.  As no other facts
11  suggest that plaintiff had a contractual right to loan
12  modification, "plaintiff has failed to allege nonconclusory
13  factual content from which the court could infer the existence of
14  a modification agreement that could provide the basis for
15  additional duties owed by each party." <u>Thompson v. Residential</u>
16  <u>Credit Solutions, Inc.</u>, CIV. 2:11-2261 WBS D, 2012 WL 260357, at
17  *4 (E.D. Cal. Jan. 26, 2012) (Shubb, J.); <u>see also</u> <u>Jenkins</u>, 216
18  Cal. App. 4th at 525 ("Nowhere in Jenkin's SAC are facts alleged
19  as to how Quality's actions violated an express or implied duty
20  under the deed of trust.").

21       Accordingly, defendant's motion to dismiss plaintiff's
22  second claim for breach of the implied covenant of good faith and
23  fair dealing must be granted.

24       C.  <u>Declaratory Relief</u>

25       In his third claim entitled "Lack of Standing,"
26  plaintiff alleges that defendant does not have a beneficial
27  interest in the Deed of Trust. (Compl. ¶ 40.)  He brings a claim
28  "seek[ing] judicial determination of each parties' rights and

1  duties" under the Deed of Trust and an unspecified promissory

2  note.  (<u>Id.</u> ¶¶ 41, 48.)[1]  It appears that plaintiff wishes to

3  establish whether defendant may "exercise the power of sale" by

4  recording a notice of default and foreclosing upon the Subject

5  Property.  (<u>See</u> <u>id.</u> ¶ 47.)

6          The Declaratory Judgment Act provides, in relevant

7  part, that "[i]n a case of actual controversy within its

8  jurisdiction . . . , any court of the United States . . . may

9  declare the rights and other legal relations of any interested

10 party seeking such declaration."  28 U.S.C. § 2201(a).  "[T]he

11 phrase 'case of actual controversy' in the Act refers to the type

12 of 'Cases' and 'Controversies' that are justiciable under Article

13 III."  <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 127

14 (2007).  The Supreme Court's decisions "have required that the

15 dispute be 'definite and concrete, touching the legal relations

16 of parties having adverse legal interests'; and that it be 'real

17 and substantial' and 'admi[t] of specific relief of a conclusive

18 character, as distinguished from an opinion advising what the law

19 would be upon a hypothetical state of facts."  <u>Id.</u> (alterations

20 in original) (quoting <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S.

21 227, 240-41 (1937)).  "In effect, [the Declaratory Judgment Act]

22 brings to the present a litigable controversy, which otherwise

23 might only by [sic] tried in the future."  <u>Societe de</u>

24 <u>Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.</u>, 655 F.2d

25

26         [1]    Plaintiff appears to argue that MERS, BNYM, and the
   REMIC Trust do not have a beneficial interest in the Deed of
27 Trust.  (Compl. ¶¶ 42-45.)  MERS is listed as the beneficiary in
   the Deed of Trust, (<u>id.</u> Ex. A), but plaintiff fails to allege or
28 explain BNYM or REMIC Trust's relationship to the case.

938, 943 (9th Cir. 1981).

California Civil Code sections 2924 through 2924k "set forth a 'comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.'" <u>Jenkins</u>, 216 Cal. App. 4th at 508 (quoting <u>Moeller v. Lien</u>, 25 Cal. App. 4th 822, 830 (2d Dist. 1994)).  Under section 2924(a), "a 'trustee, mortgagee, or beneficiary, or any of their authorized agents' may initiate the foreclosure process." <u>Gomes v. Countrywide Home Loans, Inc.</u>, 192 Cal. App. 4th 1149, 1155 (4th Dist. 2011) (quoting Cal. Civ. Code § 2924(a)).

Since a notice of default has not been recorded and the foreclosure process has not been initiated, the court cannot know whether the foreclosure process will even commence, let alone what party would be exercising the power of sale, under what alleged authority, and in what manner. <u>Cf.</u> <u>Jenkins</u>, 216 Cal. App. 4th at 512 (distinguishing between an action to determine a party's right to foreclose upon a property which impermissibly "seeks to create 'the additional requirement' that the foreclosing entity must 'demonstrate <u>in court</u> that it is authorized to initiate a foreclosure,'" and an action which "seek[s] a remedy for a foreclosing party's misconduct with regards to the initiation and processing of the nonjudicial foreclosure, which . . . may serve as the basis of a valid cause of action" (quoting <u>Gomes</u>, 192 Cal. App. 4th at 1154 n.5)). Providing declaratory relief at this stage would be an impermissible "opinion advising what the law would be upon a hypothetical state of facts." <u>MedImmune</u>, 549 U.S. at 127.

8

1    Because no actual controversy exists to warrant
2    declaratory judgment, defendant's motion to dismiss plaintiff's
3    third claim for declaratory relief must be granted.

4        D.   <u>Negligence</u>

5        "The elements of a cause of action for negligence are
6    (1) a legal duty to use reasonable care, (2) breach of that duty,
7    and (3) proximate cause between the breach and (4) the
8    plaintiff's injury." <u>Mendoza v. City of Los Angeles</u>, 66 Cal.
9    App. 4th 1333, 1339 (2d Dist. 1998) (citation omitted). "The
10   existence of a duty of care owed by a defendant to a plaintiff is
11   a prerequisite to establishing a claim for negligence." <u>Nymark</u>
12   <u>v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1095 (3d
13   Dist. 1991).

14       "[A]s a general rule, a financial institution owes no
15   duty of care to a borrower when the institution's involvement in
16   the loan transaction does not exceed the scope of its
17   conventional role as a mere lender of money." <u>Id.</u> at 1096.
18   "This rule also applies to loan servicers." <u>Lingad v. Indymac</u>
19   <u>Fed. Bank</u>, 682 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010) (Burrell,
20   J.) (citation omitted). "[A] loan servicer does not have a duty
21   to a borrower when its involvement does not exceed the scope of
22   its role as a mere loan servicing company." <u>Somera v. Indymac</u>
23   <u>Fed. Bank, FSB</u>, 2:09CV01947 FCD DAD, 2010 WL 761221, at *5 (E.D.
24   Cal. Mar. 3, 2010) (citing cases).

25       Recently, a California appellate court applied six
26   nonexhaustive factors in determining whether a duty existed
27   between the borrower and lender. See <u>Jolley v. Chase Home Fin.</u>,
28   <u>LLC</u>, 213 Cal. App. 4th 872, 899 (1st Dist. 2013). Those factors

are:

> (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm.

Id. (citing Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958)); see also Nymark, 231 Cal. App. 3d at 1098-99 (applying the Biakanja factors).

Here, plaintiff alleges that defendant owed plaintiff a duty of care because defendant exceeded the scope of its traditional role as a lender of money. (Pl.'s Opp'n at 8:1-16.) All of plaintiff's allegations, however, revolve around defendant's review of plaintiff's loan modification application. (Compl. ¶¶ 50-58.) Even assuming that the court must consider the factors outlined in Jolley, plaintiff's factual allegations concerning the loan modification process are insufficient to plausibly suggest that defendant owed plaintiff a duty of care. See Armstrong v. Chevy Chase Bank, FSB, 5:11-CV-05664 EJD, 2012 WL 4747165, at *4 (N.D. Cal. Oct. 3, 2012), appeal dismissed, (Dec. 14, 2012) (finding no duty arose when the plaintiffs alleged that defendant "held out to Plaintiffs that they would be offered a loan modification if their loan was brought current"); Arqueta v. J.P. Morgan Chase, No. CIV. 2:11-441 WBS GGH, 2011 WL 2619060, at *5 (June 30, 2011) (Shubb, J.) (acknowledging the Biakanja factors and holding that no duty of care arose when defendant accepted and processed plaintiff's loan modification application); Sullivan v. JP Morgan Chase Bank, NA, 725 F. Supp. 2d 1087, 1094 (E.D. Cal. 2010) (Burrell, J.) (holding that the

"Plaintiffs' allegations that [the] Defendant misrepresented to them that a permanent loan modification would be put into place are insufficient to form the basis of a negligence claim"); DeLeon v. Wells Fargo Bank, N.A., No. 10-CV-01390, 2010 WL 4285006, at *4 (N.D. Cal. Oct. 22, 2010) (finding that defendant did not have a duty "to complete the loan modification process").

In Ansanelli v. JP Morgan Chase Bank, N.A., No. C 10-03892, 2011 WL 1134451 (N.D. Cal. Mar. 28, 2011), the primary case relied upon by plaintiff in support of its negligence argument, the defendant bank had "agreed to place plaintiffs in a trial payment plan, guaranteeing that if plaintiffs made payments on time . . . [the defendant] would provide a permanent modification of their loan." Ansanelli, 2011 WL 1134451, at *1. The court therefore found that the defendant "went beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning the trial period plan." Id. at *7.

Courts have disagreed with Ansanelli's finding that loan modification activities extend beyond the role of a money lender or loan servicer. See, e.g., Armstrong, 2012 WL 4747165, at *4; Johnston v. Ally Fin. Inc., No. 11-CV-0998-H BLM, 2011 WL 3241850, at *4 (S.D. Cal. July 29, 2011) ("In addition, loan modification is an activity that is intimately tied to Defendant's lending role." (internal quotation marks and citation omitted)). In Armstrong, the court explained that "a loan modification, which at its core is an attempt by a money lender to salvage a troubled loan, is nothing more than a renegotiation of loan terms." Armstrong, 2012 WL 4747165, at *4. "Outside of

11

actually lending money, it is undebatable that negotiating the terms of the lending relationship is one of the key functions of a money lender." Id.  The court ultimately found that "[t]he minority of cases which hold otherwise, such as Ansanelli . . . , are unpersuasive." Id.

This court, like the court in Armstrong, finds Ansanelli unpersuasive.  Furthermore, even assuming that Ansanelli is correct in finding that the plaintiff in that case adequately pled a duty of care, the allegations here are distinguishable since plaintiff does not allege that he entered into a trial payment plan with defendant.

Because plaintiff fails to plausibly allege that defendant owed him a duty of care, his fourth claim for negligence must accordingly be dismissed.

E.   UCL

California Business and Professions Code section 17200 et seq. ("UCL") prohibits unfair competition, which is defined to include, in relevant part, "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because Business and Profession Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition . . . . In other words, a practice is prohibited as unfair or deceptive even if not unlawful and vice versa." Cel-Tech Comm'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) (internal quotation marks and citations omitted).

"Conduct is considered 'fraudulent' under the UCL if the conduct is 'likely to deceive.'" Pinel v. Aurora Loan Servs., Inc., 814 F. Supp. 930, 941 (N.D. Cal. 2011) (quoting

<u>Morgan v. AT & T Wireless Servs., Inc.</u>, 177 Cal. App. 4th 1235, 1254 (2d Dist. 2009)).  "A claim under this prong of the UCL is based on the reasonable consumer standard, which requires the plaintiff to 'show that members of the public are likely to be deceived.'"  <u>Id.</u> (quoting <u>Williams v. Gerber Prods. Co.</u>, 552 F.3d 934, 938 (9th Cir. 2008)).  Furthermore, a plaintiff bringing a claim under the UCL's fraudulent prong "must plead and prove actual reliance."  <u>In re Tobacco II Cases</u>, 46 Cal. 4th 298, 329 (2009).

UCL claims sounding in fraud must meet the pleadings standards of Federal Rule of Civil Procedure 9(b).  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  Under Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001)).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  <u>Vess</u>, 317 F.3d at 1106 (quoting <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997)).

To have standing to bring a claim under the UCL, a person must have "suffered injury in fact and has lost money or property as a result."  Cal. Bus. & Prof. Code § 17204.  To make that showing, they must: "(1) establish a loss or deprivation of

13

money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011) (emphasis in original).  There is no causation "when a complaining party would suffer the same harm whether or not a defendant complied with the law." Daro v. Superior Court, 151 Cal. App. 4th 1079, 1099 (1st Dist. 2007).

Here, plaintiff's claim appears to rest on allegations that defendant misrepresented the loan modification process when it told plaintiff that his application would be reviewed on the merits if he submitted certain documentation to defendant. (Compl. ¶¶ 11-12, 14, 16.)  These allegations sound in fraud and are therefore subject to the heightened pleading standard of Rule 9(b).  See Vess, 317 F.3d at 1103-04.  Plaintiff fails, however, to adequately specify any alleged misrepresentations "so that [defendant] can defend against the charge and not just deny that [it] ha[s] done anything wrong." Kearns, 567 F.3d at 1124. Plaintiff does not adequately identify the substance of the alleged misrepresentation, who said it, when it was said, or how it was false.  See Vess, 317 F.3d at 1106.

Plaintiff also fails to show how defendant's alleged misrepresentation caused his injury.  He alleges that he was forced to "exhaust [his] resources, incur additional fees on interest, penalties and foreclosure costs." (Compl. ¶ 14.) Putting aside the fact that foreclosure has not yet occurred, and assuming that these allegations sufficiently state an economic injury, all of these injuries assume that he would have been

granted a loan modification.  Yet plaintiff provides no factual
or legal support for the contention that he would have been
entitled to a loan modification if he did submit all the required
documentation.  See Kimball v. Flagstar Bank F.S.B., 881 F. Supp.
2d 1209, 1224 (S.D. Cal. 2012) (noting that HAMP does not require
a bank to offer a borrower a loan modification).[2]

Accordingly, the court must dismiss plaintiff's fifth
claim for violation of the UCL.

IT IS THEREFORE ORDERED that defendant's motion to
dismiss be, and the same hereby is, GRANTED.

Plaintiff has twenty days from the date of this Order
to file an amended complaint if he can do so consistent with this
Order.

DATED:  July 16, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]    To the extent plaintiff bases his UCL claim on
"unlawful" or "unfair" conduct, plaintiff has failed to
adequately allege an underlying violation of another law to
satisfy the "unlawful" prong.  See Lucia v. Wells Fargo Bank,
N.A., 798 F. Supp. 2d 1059, 1072 (N.D. Cal. 2011) (rejecting a
UCL claim based upon violation of Home Affordable Modification
Plan ("HAMP") because "there is no private cause of action under
HAMP" and "'[a] court may not allow a plaintiff to plead around
an absolute bar to relief simply by recasting the cause of action
as one for unfair competition'" (quoting Chabner v. United Omaha
Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000))); Berryman v.
Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (4th Dist.
2007) ("Under its unlawful prong, the UCL borrows violations of
other laws . . . and makes those unlawful practices actionable
under the UCL." (alteration in original) (internal quotation
marks and citation omitted)).  Plaintiff has also failed to
include sufficient factual allegations to state a plausible claim
under the "unfair" prong.